### Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. G. G. Fuller.

#### Gen. No. 4,536.

1. VERDICT—*when not disturbed.* A verdict which is not clearly against the weight of the evidence and in which the damages are not plainly excessive, will not be disturbed on appeal.

Action for damages to personal property. Appeal from the Circuit Court of Kankakee County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

W. R. HUNTER, for appellant.

H. L. RICHARDSON and BERT L. COOPER, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment for $155 against the appellant railroad company for damages caused to a piano in shipping it from Essex, Illinois, to Mazon, a distance of

about fifteen miles. The case has been tried three times, and while the damages have varied from $100 to $175, each verdict has been against the appellant. The evidence is that the piano in question was shipped to appellee at Essex and there unloaded. It was used in Essex and found to be in good order. It was left at the house of Scroggins in Essex, where it was boxed by John Engles and hauled by him to the station of appellant and unloaded. Engles testifies the piano was in good order when boxed and that it received no jars or rough handling on the route to the station or in the loading or unloading. At the station in Mazon the piano was unloaded and put in the station and left for a day or two, when it was hauled carefully two or three blocks to the dwelling of Mr. Taylor and there opened. It was found that the music box was crushed in and the action had dropped down, and a number of the brackets in the action were broken. Appellee notified the agent of appellant and asked him to come and see the piano, which he failed to do. Appellee then boxed up the piano and with the consent of appellant's agent returned it to the station, where it was up to the time of trial.

Appellant contends that the evidence is not sufficient to justify a verdict and that the damages are excessive. Both these questions depend on the evidence. We have carefully examined the testimony, and our conclusion is that there is evidence upon both questions sufficient to warrant the verdict of the jury. Under these circumstances we must regard the verdict of the jury as settling, so far as a verdict can settle, the controverted questions of fact. The verdict is not so clearly against the evidence nor the damages so excessive as to warrant us in reversing the case.

The judgment will be affirmed.

*Affirmed.*